IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| YOLANDA MORENO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-22-CV-358-KC |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

On this day, the Court considered the case. Pursuant to Paragraph 2(c) of the Court's May 1, 2012, Standing Order, this case was referred to United States Magistrate Judge Robert F. Castaneda. On July 17, 2023, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 18, recommending the Court affirm the denial of Plaintiff Yolanda Moreno's application for disability insurance benefits by Defendant Commissioner of the Social Security Administration. *Id.* at 15. On July 24, 2023, Plaintiff filed her Objections to the R&R, ECF No. 19. For the reasons below, the R&R is **ADOPTED IN PART** and **REJECTED IN PART**. The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** to the agency.

**I.     BACKGROUND**

In February 2020, Plaintiff filed a disability insurance benefits application alleging she suffered from several qualifying disabilities, including carpal tunnel and nerve trauma in her left arm; osteoarthritis; fibromyalgia; hypertension; stomach problems; depression; anxiety; and throat polyp. R&R 1. Plaintiff's application was first denied in September 2020 and again denied upon reconsideration in October 2020. *Id.* The application was then considered by

Administrative Law Judge ("ALJ") Robert McPhail who conducted a telephonic hearing and issued a written decision denying benefits in November 2021.[1]  *Id.*

In determining whether Plaintiff qualified as disabled, the ALJ used the five-step evaluation process outlined in 20 C.F.R. § 404.1520(a).  First, the ALJ found Plaintiff had not engaged in "substantial gainful activity" since her disability onset date of December 13, 2016.  R&R 4.  Second, the ALJ found Plaintiff suffered from severe impairments of osteoarthritis and carpal tunnel syndrome and nonsevere impairments of hypertension, gastroesophageal reflux disease, vocal polyps, asthma, depression, and anxiety.  *Id.*  The ALJ also found that one of Plaintiff's asserted impairments, fibromyalgia, was not a medically determinable impairment and therefore the ALJ did not consider its severity.  *See id.*  Third, the ALJ found Plaintiff did not have an impairment that matched a statutory disability.  *Id.*  In between the third and fourth steps, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work.  *Id.*  And finally, at step four, the ALJ found Plaintiff was not disabled because her RFC would allow her to continue past work as an appointment clerk or a telemarketer.  R&R 5.

Plaintiff timely sought review of the ALJ's decision.  Administrative Record ("R.") 1.[2]

## II.   DISCUSSION

### A.   Standard

#### 1.   Report and Recommendations

When reviewing portions of a report and recommendation the parties did not object to, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review.

---

[1] The ALJ's decision is the final agency decision in Moreno's case because the Appeals Council denied Moreno's request for review in July 2022.  R&R 1–2.

[2] A hard copy of the administrative record was submitted to the Court, but no copy is available through the Court's Electronic Case Filing System, CM/ECF.

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  However, federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

### 2. Social Security Appeals

When reviewing the denial of social security benefits, courts consider whether "the final decision is supported by substantial evidence" and whether "the Commissioner used the proper legal standards to evaluate the evidence."  *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)).  Substantial evidence exists if "a reasonable mind would support the conclusion."  *Id.* (quoting *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012)).  In making this determination, courts review the administrative record to determine whether sufficient evidence supports the agency's decision.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Courts "may affirm only on the grounds" provided by the ALJ, *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted), and may not reweigh evidence because "[c]onflicts of evidence are for the Commissioner, not the courts, to resolve," *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  Reversal is inappropriate if the agency's error was harmless—if "it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err."  *Keel*, 986 F.3d at 556 (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

### B. Analysis

Plaintiff argues the ALJ's decision should be reversed because (1) the ALJ committed legal error in deciding Plaintiff's fibromyalgia was not a medically determinable impairment,

and (2) the RFC did not include all the limitations opined by a medical expert, Dr. Robles. R&R 5; Pl.'s Br. 7, ECF No. 14.  Regarding the first argument, the Magistrate Judge recommends finding that, while the ALJ erroneously analyzed whether Plaintiff's fibromyalgia qualifies as a medically determinable impairment, R&R 5–9, this error was harmless because the ALJ considered symptoms of fibromyalgia while making the RFC determination.  R&R 9–10.  Regarding the second argument, the Magistrate Judge recommends finding the ALJ's decision to not include all limitations identified by Dr. Robles within the RFC is not erroneous and is supported by substantial evidence.  R&R 11–15.  Plaintiff objects only to the Magistrate Judge's recommended finding of harmless error on the first issue.  Pl.'s Objs. R&R 2.  Defendant did not file any objections nor respond to Plaintiff's Objections.

### 1. The Court adopts the Magistrate Judge's unobjected-to findings.

The Court has reviewed the Magistrate Judge's finding that the ALJ did not properly consider whether Plaintiff's diagnosis of fibromyalgia was a medically determinable impairment.  R&R 8–9.  The Court has also reviewed the Magistrate's finding that the ALJ's partial reliance on Dr. Robles's opinion when assessing Plaintiff's RFC was supported by substantial evidence.  R&R 11–15.  Because neither finding is clearly erroneous nor contrary to law, the Court adopts both unobjected-to findings.  *See Wilson*, 864 F.2d at 1221.

### 2. The ALJ's erroneous fibromyalgia analysis is a reversible error.

Turning to Plaintiff's Objections, the Magistrate Judge recommends finding the ALJ's erroneous fibromyalgia analysis to be harmless because the ALJ considered some symptoms of fibromyalgia when making the RFC determination.  R&R 10 (collecting cases that show "[a] step two error is harmless if the ALJ considers symptoms of the impairment in question at subsequent steps").  Specifically, the ALJ considered Plaintiff's "symptoms of pain, tingling,

numbness, and capacities of memory and cognition," as well as her depression, anxiety, and fatigue when determining her RFC. *Id.*; *see also* R. 63 (stating the ALJ had "considered all symptoms"). Thus, the Magistrate Judge finds it improbable that "the outcome of the case would have been different" if the ALJ had properly assessed Plaintiff's fibromyalgia. R&R 10.

The second step in the five-step evaluation process requires ALJs to consider "the medical severity of [claimants'] impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). A prerequisite to this consideration is deciding whether claimants have a "medically determinable physical or mental impairment," because claimants are deemed nondisabled if they cannot prove that an impairment is medically determinable. *Id.* § 404.1520(c). If ALJs determine that one or more severe medically determinable impairments are present, they then move on to subsequent steps in the evaluation process. *See id.* § 404.1520(a)(4). At step three, ALJs consider whether the severity of a claimant's medically determinable impairment "meets or equals one of" various impairments enumerated in the statute. *Id.* § 404.1520(a)(4)(iii). If an ALJ decides the severity of a claimant's impairment matches the severity of an enumerated impairment, the claimant is deemed statutorily disabled and thus eligible for benefits. *Id.*; *see also id.* § 404.1520(d).

But if a claimant's impairments do not match any statutory impairments, the ALJ assesses the claimant's RFC, determining "the most [the claimant] can still do despite [the claimant's] limitations." *Id.* § 404.1545(a)(1). Using the RFC, the ALJ decides at steps four and five whether the claimant can engage in past relevant work or other types of work. *Id.* § 404.1520(a)(4)(iv)–(v). While determining a claimant's RFC, an ALJ can only factor in symptoms objectively arising from the claimant's medically determinable impairments, *id.* § 404.1545(a)(2)—asserted impairments found to not be medically determinable "will not be found to affect [a claimant's] ability to do basic work activities," *id.* § 404.1529(b). If claimants'

5

RFC, considered in light of their age, education, and work experience, renders them unable to work, they are disabled and thus eligible for benefits. *Id.* § 404.1520(a)(4)(v).

The ALJ in this case followed the above process. At step two, the ALJ found Plaintiff had two severe medically determinable impairments: osteoarthritis and carpel tunnel syndrome. R. 60. At the same time, the ALJ erroneously decided Plaintiff's asserted impairment of fibromyalgia did "not meet the requirements set forth by the Social Security Administration needed for the determination that fibromyalgia is a medically determinable impairment." *Id.* Then at step three the ALJ concluded Plaintiff's two medically determinable impairments did not "meet[] or medically equal[] the severity" of a qualifying statutory disability. R. 63.

The ALJ then determined Plaintiff's RFC. *Id.* In making this determination, the ALJ first stated that when a medically determinable physical or mental impairment "could reasonably be expected to produce [Plaintiff's] pain or other symptoms," the ALJ would "evaluate the intensity, persistence, and limiting effects of [Plaintiff's] symptoms to determine the extent to which they limit [Plaintiff's] work-related activities." *Id.* However, the ALJ also stated that Plaintiff's statements concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms" would only be considered so far as they were supported by objective medical evidence. R. 63–64. Using this analytical framework, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause some of [her] alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 64. The ALJ then reviewed Plaintiff's medical history and found she had a sedentary RFC. R. 64–66.

The ALJ's failure to properly analyze Plaintiff's fibromyalgia was not a harmless error

6

for two independent reasons.

                        **a.**       **The error was not harmless because the ALJ could have found Plaintiff's fibromyalgia was a statutory disability at step three.**

First, if the ALJ had found the fibromyalgia diagnosis was a medically determinable impairment, the ALJ would have considered at step three whether the severity of Plaintiff's fibromyalgia equaled that of a statutorily listed disability, which could automatically establish Plaintiff to be disabled. *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (finding that "[b]y the explicit terms of [42 U.S.C. § 405], the ALJ was required to discuss the evidence offered in support of [the] claim for disability" at step three and explain why a claimant was found not disabled). Because a claimant can establish fibromyalgia is a qualifying disability at step three, courts have repeatedly found it is reversible error to not consider at step three whether a medically determinable diagnosis of fibromyalgia qualifies a claimant for benefits. *See, e.g.*, *id.* at 448–49; *McCurry v. Kijakazi*, No. 1:21-CV-731-RP-SH, 2022 WL 3135753, at *4 (W.D. Tex. Aug. 5, 2022), *report and recommendation adopted*, 2022 WL 17732696 (W.D. Tex. Sept. 26, 2022) ("The ALJ's consideration of Plaintiff's fibromyalgia could have altered his determination at step three and in subsequent steps. Accordingly, the ALJ's error was not harmless."); *Waterman v. U.S. Comm'r, Soc. Sec. Admin.*, No. 15-CV-02699, 2017 WL 1238042, at *11 (W.D. La. Jan. 18, 2017), *report and recommendation adopted*, 2017 WL 1238038 (W.D. La. Mar. 30, 2017) ("Because the ALJ failed to compare the claimant's symptoms with those of relevant listings, remand is required."). By failing to properly analyze Plaintiff's fibromyalgia and finding it was not medically determinable, the ALJ foreclosed the possibility of finding it was a basis for disability at step three.

### b. The error was not harmless because it skewed the ALJ's RFC determination.

In addition to the improper step-three analysis caused by the ALJ's error, the ALJ's error was not harmless because it prevented the ALJ from considering whether Plaintiff's fibromyalgia provided an objective medical basis for her statements about the severity of her symptoms. The ALJ only gave weight to Plaintiff's subjective "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms" to the extent they were "substantiated by objective medical evidence." R. 63–64; *see also* 20 C.F.R. § 404.1529(b) ("[A claimant's] symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."). And the ALJ had determined at step two that Plaintiff's fibromyalgia was not medically determinable. R. 60. It necessarily follows that the RFC determination—which was predicated upon the finding that Plaintiff's statements about the severity of her symptoms were inconsistent "with the medical evidence," R. 64—was skewed by the ALJ's inability to consider whether Plaintiff's fibromyalgia provided an objective basis for Plaintiff's statements about the severity of her symptoms. *See, e.g.*, *Patrick v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-333-TSL-MTP, 2022 WL 2813751, at *4 (S.D. Miss. June 30, 2022), *report and recommendation adopted*, 2022 WL 2813047 (S.D. Miss. July 18, 2022) (finding reversible error when an ALJ failed to evaluate a claimant's fibromyalgia at step two because "[a]ll medically determinable impairments, including [nonsevere] impairments, must be taken into account in determining a claimant's RFC"); *Jones v. Astrue*, 821 F. Supp. 2d 842, 850 (N.D. Tex. 2011) (noting it is reversible error when an ALJ "explicitly rejects one or more of the claimant's impairments . . . and proceeds to the later steps of the sequential analysis only with respect to other claimed impairments").

The ALJ's error here—erroneously analyzing whether an impairment is medically determinable—is distinct from cases in which an ALJ erroneously classifies a *severe* medically determinable impairment as *nonsevere*.  For example, in a case considering an ALJ's mischaracterization of a severe fibromyalgia impairment as nonsevere, the court found the error was harmless "because all impairments were considered in the ALJ's formulation of [the claimant's] RFC."  *Enriquez v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:17-CV-00329-RFC, 2018 WL 2293967, at *3 (W.D. Tex. May 18, 2018).  Thus, because the ALJ had considered severe and nonsevere impairments when determining the RFC, the misclassification error did not affect the subsequent RFC determination.  *Id.*; *see also* 20 C.F.R. § 404.1545(a)(2) (stating the agency considers all "medically determinable impairments of which [it is] aware, including medically determinable impairments that are not 'severe,'" when formulating the RFC).  But the *Enriquez* Court distinguished such a case of mischaracterized severity from "a case where the ALJ failed to consider the impairments at all."  *Enriquez*, 2018 WL 2293967, at *3.  The error here is of the latter variety:  By erroneously analyzing Plaintiff's fibromyalgia and finding it not medically determinable, the ALJ materially altered the subsequent analysis.

For both reasons described above, it is entirely conceivable "that a different administrative conclusion would have been reached" if the ALJ had properly considered whether Plaintiff's diagnosis of fibromyalgia was medically determinable.  *See Keel*, 986 F.3d at 556 (citing *Frank*, 326 F.3d at 622).  Therefore, the error was not harmless, and the agency's decision must be reversed.

### III. CONCLUSION

Accordingly, the Court **ADOPTS** the R&R in part and **REJECTS** it in part. The Court **ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the agency.

**SO ORDERED.**

**SIGNED this 11th day of October, 2023.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE